OPINION
This appeal is taken by Plaintiff-Appellants Constance J. Gary, et. al., from the judgment entered by the Court of Common Pleas of Putnam County denying Plaintiff's motion for summary judgment and granting summary judgment in favor of Defendant-Appellee State Farm Fire and Casualty Co.
On February 18, 1997, Constance J. Gary, plaintiff-appellant, was a passenger in a motor vehicle that struck a tree injuring her and the driver. The vehicle was operated by Ivy M. Gaulin. Ivy M. Gaulin was insured under a policy issued by defendant-appellee State Farm Fire and Casualty Co. with liability limits of coverage of $25,000 per person and $50,000 per accident. Michael M. Gary, husband of the injured passenger and also a plaintiff-appellant, was insured under a motor vehicle policy issued by Progressive Insurance Company with underinsured / uninsured motorist benefits of $12,500 per person and $25,000 per accident.
Michael G. Gary together with his wife filed a complaint against Ms. Gaulin, State Farm, and Progressive in the Court of Common Pleas of Putnam County. In their complaint the Garys alleged that Ms. Gaulin had negligently operated her motor vehicle such that it resulted in injury to Constance and loss of consortium by Michael. Further the complaint alleged that they had the right to recover medical payment benefits in the amount of $1,000 and uninsured / underinsured motorist benefits in the amount of $25,000 per person or $50,000 per accident from State Farm. Finally, the complaint alleged that Mr. Gary was entitled to recover the policy limits of his uninsured / underinsured motorist coverage in damages from Progressive for loss of consortium.
On November 23, 1998, Progressive filed a motion to dismiss pursuant to Ohio Civil Rule 12(B) for failure to state a claim. Plaintiff-appellant's attorney failed to file any memorandum in opposition to the motion to dismiss. On January 19, 1999, the court dismissed the complaint against Progressive. In doing so the court stated:
 "The court record reflects that respondent filed neither memorandum contra nor counter affidavit. The Court finds that this Defendant's motion to dismiss is unopposed. The Court further finds that this motion is well-taken and sustains the same, there being no just reason for delay."
On May 17, 1999, Constance M. Gary, et. al, filed a motion for summary judgment against State Farm. On June 7, 1999, State Farm filed a memorandum in opposition to the motion for summary judgment. Finally, on October 26, 1999, the court denied Gary's motion for summary judgment and granted summary judgment to State Farm on the complaint. On appeal from that judgment Appellants make the following assignments of error:
 1. Set-off policy limits under R.C. 3937.18(A)(2) (S.B. 20) is (sic) unconstitutional since consortium claimants are denied all remedies.
 2. The members of Constance Gary's family are each entitled to assert their own loss of consortium claims, and the set-off of the amount "available for payment" to each consortium insured from the tortfeasor would be zero.
 After thorough examination of the record and briefs filed by the appellants and appellees this Court notes that all assignments of error before us concern appellants' claim against Progressive Insurance Co. Further, we note that the complaint against Progressive was dismissed with prejudice on January 19, 1999 and the court declared there to be "no just reason for delay".
 When a complaint states more than one claim for relief the court may order a final judgment as to one of those claims and he may do so by express determination that there is "no just reason for delay". Civ.R. 54(B). Upon such entry that portion of the complaint is terminated and notice of appeal must be filed within thirty days. App.R. 4(a). Any notice of appeal filed after thirty days confers no jurisdiction on this court. App.R. 4(a).
 Appellants in this case have appealed the entry of summary judgment in favor of State Farm. However, on appeal they are arguing only the constitutionality of claims against Progressive that were dismissed on January 19, 1999. Those issues may not be argued on this appeal because they are time barred.
 Further appellants have failed to present argument or evidence upon which we might base a reversal of the summary judgment granted in favor of State Farm. As a result, the judgment of the Court of Common Pleas of Putnam County is affirmed.
 Judgment affirmed.
HADLEY, P.J., and WALTERS, J., concur.